FÉLIX BANUCHI, Plaintiff and Appellant, v. IRRIGATION DISTRICT, ETC., Defendant and Appellee.

No. 7109. Argued March 14, 1938.—Decided April 20, 1938.

64

(see 52 P.R.R. 354).

*Juan B. Soto, Juan F. Soto,* and *E. Igaravídez* for appellant. *B. Fernández García, Attorney General, T. Torres. Pérez* and *Pablo Defendini, Deputy Attorneys General,* for appellee.

ON REHEARING

MR. JUSTICE WOLF delivered the opinion of the court.

On February 14, 1938, and in response to a motion for reconsideration previously filed by the appellant in this case, we issued the following order:

"Whereas this court on November 30, 1937, rendered judgment in the present case reversing that of the lower court and awarding to the plaintiff the sum of $1,000 damages, computed on the basis of the tonnage of cane which in fact plaintiff was unable to harvest on account of the defendant, but denying any compensation for the loss which the plaintiff alleged that he had suffered in the intrinsic value of the sixty *cuerdas* with temporary right to irrigation, inasmuch as we considered it too remote;

"Whereas, a motion for reconsideration has been filed in which a review of the amount awarded by the judgment is requested alleging that the same was computed on an erroneous basis, and also the reconsideration of our decision with regard to the reduction suffered in the intrinsic value of the land;

"Whereas, our only doubt is with respect to the most exact manner in which to compute the value of the cane which was not harvested due to the negligence of the defendant, not having sufficient reason to depart from the other considerations which led to our original judgment;

"Therefore, our judgment of November 30, 1937, is reconsidered in so far as the amount of the judgment itself is concerned, and a new hearing is set for the 7th of March, 1938, in which the parties should limit their discussion to the basis on which the computation of the damages specifically pointed out above should be made."

The new hearing on the specific question set forth in the above order, was held on March 14, 1938. The only matter now under consideration, therefore, is the amount of the damages suffered by the appellant, Mr. Banuchi, as a direct result of the reduction in the crop for the harvest season of 1929–30.

As we said in our main opinion, there was testimony tending to show that Banuchi had planted 33 *cuerdas* of sugar cane, and that because of the failure of the irrigation system the yield was reduced by 28 tons per *cuerda*. Banuchi himself testified that he was paid $5.44 per ton of cane by the Central Cambalache.

We are now inclined to agree with the appellant that since all the expenses of cultivation etc. were borne by him, his damages should be measured by the gross return expected on the tonnage which he failed to harvest.

We shall, therefore, proceed to compute the damages on this basis, taking into consideration, of course, any additional circumstance which may have a bearing on the question. In the first place, we are of the opinion that the estimated reduction of 28 tons per *cuerda* is rather high. The maximum yield expected was only 40 tons per *cuerda*. We shall place the reduction at 20 tons per unit' area, inasmuch as that is more in accord with a reasonable standard. Under this viewpoint, the gross value of the 660 tons which were lost would be $3,590.40. As was set forth in the main opinion, the harvesting and transportation of this cane would have cost the appellant something. We disagree with his argument to the effect that the expenses would have been exactly the same. It is a well-known fact that some expenses are incurred in transporting cane from the field to the scales *(romanas)* or to the track *(desvio)*. We agree with the appellant that no additional applications of fertilizer were necessary, for the crop was six months old at the time the irrigation was discontinued.

Taking all the above factors, and perhaps others, we now hold that the plaintiff and appellant in this case should be entitled to the sum of $3,000, as damages for the diminution of his crop for the year 1929–30 as a direct result of the defendant's failure to supply him with water for irrigation purposes from May or June 1929 until the harvesting of the crop.

The holding, as to the amount of damages, expressed in our opinion of November 30, 1937, is therefore set aside, and the judgment of that same date is modified so as to award $3,000 damages to the plaintiff.